RISLEY v. PHENIX BANK OF NEW YORK, appellant.

*Amendment of pleadings to conform to proof—Statute of limitation.*

In an action brought by the holder of a check upon a bank against the bank upon the ground that at the time of presentation the bank had funds of the drawer to meet the check, it appeared by the evidence that the defendant's officers promised to pay the check, but such fact was not stated in the complaint. *Held*, that the court had power to allow an amendment to the complaint alleging that fact, and that such an amendment was proper although the check was drawn and presented and the promise made more than six years before the trial of the action.

APPEAL from an order made at the special term granting leave to serve an amended complaint. The action was brought by David Risley against the Phenix Bank of the City of New York, to recover the amount of a check drawn by The Bank of Georgetown, South Carolina, in favor of the plaintiff upon the defendant on the 20th of May, 1861. At the time the check was drawn the Bank of Georgetown had on deposit with defendant an amount sufficient to meet the check. The complaint alleged these facts, that the check was duly presented, and payment demanded and refused. It also set forth that the drawer of the check had assigned to the plaintiff $10,000 of the indebtedness of the defendant to said drawer.

The case was referred and tried before a referee and evidence given on the trial in February, 1874. The plaintiff, upon the ground that evidence had been introduced without objection, showing that when the check was presented (which was in 1861), a promise was made on the part of defendant to pay the same, asked leave to amend the complaint by inserting that allegation. The referee refused to allow this, and plaintiff moved at special term for leave to so amend, and such leave was granted on terms, from the order for which defendant appealed.

*Edgar S. Van Winkle* and *Flamen B. Candler,* for appellant.
The amendment is not in furtherance of justice as an action on
the promise alleged was barred by the statute of limitations. *Shel-*
*don* v. *Adams,* 18 Abb. 405 ; Code, § 91.　The plaintiff was guilty
of laches in not setting up the promise before.　*Cocks* v. *Radford,*
13 Abb. 207.　The practice of pleading several causes of action on
the same claim should not be encouraged.　Code, § 142 ; *Dunning*
v. *Thomas,* 11 How. 282 ; *Stockbridge Iron Co.* v. *Mellen,* 5 id.
439; *Lackey* v. *Vanderbilt,* 10 id. 155; *Churchill* v. *Churchill,* 9 id.
552 ; *Whittier* v. *Bates,* 2 Abb. 477 ; *Nash* v. *McCauley,* 9 id.
159; *Fern* v. *Vanderbilt,* 13 id. 72.

*Beebe, Wilcox & Hobbs,* for respondent.

DAVIS, P. J.　The amendment proposed consisted of allegations
to be inserted in the complaint to the effect that when the check,
which was the subject of the action, was presented to the bank, the
defendant, by its cashier, admitted the possession of funds to meet
the same, and promised to pay the check.　It appears that evidence
tending to prove the truth of these allegations had already been put
in before the referee without objection; but, on application to the
referee to amend the pleadings by conforming them to the proofs
(as claimed by plaintiff), he held that he had no power to allow the
amendment on the ground that it would be substantially adding a
new cause of action, and suggested that the application should be
made to the court.

There seems to us to be no doubt of the power of the court to
allow the amendment, and we are of opinion that the power was
not, in this case, improvidently exercised.　Proper terms were
imposed, and the condition of the order that the witness who had
already testified to the alleged facts should be produced for cross-
examination will operate to prevent any unjust effect that might
otherwise arise from the application of the testimony already in, to
the new phase of the case.

Where a proposed amendment is the addition of new matter
relating to the subject-matter of the action already set out in the
complaint, and is not a separate and independent cause of action,
new and distinct in its nature and particulars, the fact that the
statute of limitation may have run pending the suit, and that
defendant will not be at liberty to plead that statute in bar, is not

sufficient to prevent the court from allowing the amendment in the exercise of its sound discretion. We think the order should be affirmed, with $10 costs of this appeal, besides disbursements.

*Order affirmed.*